Joseph PASTORE, Plaintiff–Appellant,

and

Hoh Systems, Inc., Plaintiff,

v.

STRUCTURE GUARD, INC.,
Defendant–Appellee,

v.

Florida Power and Light Company,
Defendant–Appellee.

No. 01–1106.

United States Court of Appeals,
Federal Circuit.

Aug. 8, 2001.

Rehearing Denied Sept. 5, 2001.

Before NEWMAN, Circuit Judge,
FRIEDMAN, Senior Circuit Judge, and
GAJARSA, Circuit Judges.

NEWMAN, Circuit Judge.

Mr. Pastore appeals from the imposition of sanctions under 35 U.S.C. § 285, arguing that this can not be an "exceptional case" because the case has not been finally decided and there is no "prevailing party," and in all events that sanctions are not warranted. We *affirm in part, reverse in part,* and *remand.*

There were two infractions on which the district court, adopting the magistrate judge's recommendations, based the assessment of attorney fees:

1.  Mr. Pastore, inventor of the patents at issue in this case, in January 1999 filed suit (through counsel) for patent infringement against these defendants in his own name as plaintiff. On June 1, 1999 he assigned the patent then in suit to a separate entity (HOH Systems), but did not advise the defendant or his lawyer. The assignment was revealed during a deposition on August 20, 1999. The district court on October 13, 1999 granted permission to HOH to be substituted as the party in interest. This patent continued to be litigated.

2.  On July 21, 1999 Mr. Pastore sought leave to amend the complaint to include a recently issued second patent. However, he had on June 1, 1999 assigned the second patent to the same HOH Systems. The district court on October

13, 1999 dismissed the second patent from suit, with permission to HOH to seek leave to refile the claim. This patent was no longer litigated.

On the defendants' motion, the district court then assessed against Mr. Pastore all of the attorney fees and expenses that had been incurred by both defendants, from June 1, 1999 to August 20, 1999, plus subsequent expenses concerning the dismissal. The court stated that Mr. Pastore had committed a fraud on the defendants and the court, and caused unnecessary expense.

## DISCUSSION

Under 35 U.S.C. § 285, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party" in patent infringement litigation. Mr. Pastore argues that § 285 does not apply, for it relates specifically to the award of attorney fees to a "prevailing party." Mr. Pastore challenges the district court's ruling that a prevailing party existed. He also points out that the court authorized substitution of the assignee for the inventor as plaintiff, and that this is not grounds establishing an "exceptional case." Mr. Pastore says this sanction is unwarranted, was improperly levied, and in all events inappropriately includes all attorney fees whether or not they were related to the issue of patent ownership.

■ Guided by precedent, a sanction under § 285 was unwarranted as to the first patent, as the court authorized the change of parties without dismissal. The substitution of the assignee for the inventor does not represent prevailing on the merits of the claim. We conclude that the district court erred in its application of 35 U.S.C. § 285 as to the first patent. The award of fees as to this patent is reversed.

■ With respect to the second patent, the district court dismissed it from the suit. Although the assignee HOH was not precluded from seeking leave to refile the claim, apparently it did not do so. On the record provided, we are not convinced that the district court erred in finding the suit on the second patent to be "exceptional," and the dismissal was tantamount to resolution of the merits of that claim. We therefore affirm the award of attorney fees attributable to the dismissal of the second patent.

On remand, the district court shall administer the allocation of the fee award, assessing against Mr. Pastore those fees attributable to the second patent and its dismissal from suit.

No costs on appeal.